UNITED STATES DISTRCIT COURT
for the
Eastern District of North Carolina
Southern Division

Case No.: _____

TSR LLC,

    Plaintiff,

vs.

Wizards of the Coast LLC,

    Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT OF OWNERSHIP**

This is an action for declaratory relief instituted pursuant to The United States Code, Title 28 §§ 2201 through 2202, and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff TSR LLC, complaining of the acts of the Defendant, alleges and states that:

## NATURE OF THE CASE

1. This is a trademark and copyright dispute brought pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201 through 2202, and Rule 57 of the Federal Rules of Civil Procedure, seeking declarations of the ownership of certain trademark rights and copyrights in certain letters, words and images (hereinafter the "Marks at Issue").

2. Defendant is a limited liability company and a manufacturer and distributor of tabletop role playing games as well as other products and distributes their products throughout the country.

3. TSR LLC, a limited liability company authorized to operate in Wisconsin and North Carolina. TSR LLC has applied to register the letters, words and images used in the Marks at Issue as trademarks with the United States Patent and Trademark Office for use with tabletop role playing games and accessories.

4. TSR, Inc. was a Wisconsin corporation that owned the rights to a number of trademarks used in association with tabletop role playing games.

5. Upon information and belief, TSR, Inc. sold their assets to Defendant in or around 1997.

6. Upon information and belief, only two assignments of trademark registrations related to the Marks at Issue were ever recorded in favor of Defendant.

7. Defendant did not maintain or apply for trademark registrations for any of the Marks at Issue after allegedly acquiring their ownership in 1997; rather, TSR, Inc. had already abandoned some of these registrations and Defendant abandoned the two registrations for which assignments were recorded naming Defendant as assignee.

8. Upon information and belief, Defendant stopped manufacturing and selling a number of the products previously sold and distributed through TSR, Inc.

9. Despite not maintaining the registrations for the Marks at Issue or putting them into use in interstate commerce, Defendant has continued to assert ownership of the Marks at Issue and repeatedly ordered Plaintiff to stop registering, using or promoting the Marks at Issue.

10. Plaintiff has repeatedly requested evidence that supports Defendant's assertions that they own the Marks at Issue and their associated copyrights and has only received links to websites that Defendant admits are maintained by other entities that Defendant claims are authorized licensees of the Marks at Issue.

11. Plaintiff has repeatedly requested proof of the licensing agreements Defendant has with the two parties they claim are authorized licensees, but Defendant has not provided said agreements.

12. Despite repeated requests from Plaintiff, Defendant has failed to provide evidence they own the copyright to the images incorporated into the Marks at Issue. Rather, Defendant filed a cancellation proceeding (Cancellation Proceeding Number 92078589) on December 6, 2021 asking the Trademark Trial and Appeal Board of the United States Patent and Trademark Office to cancel a single registration for one of the Marks at Issue (the "Game Wizards Mark" U.S. Trademark Registration Number 6472675).

13. In view of the foregoing and because Defendant has repeatedly ordered Plaintiff to stop registering, using or promoting the Marks at Issue taking the position that Plaintiff's behavior constitutes trademark and copyright infringement, the Plaintiff seeks a declaration that the copyrights and trademark rights to the Marks at Issue are not owned by the Defendants.

## The Parties

14. Plaintiff TSR LLC is a limited liability company organized and existing under the laws of the state of Wisconsin and is authorized by the North Carolina Secretary of State to conduct business in the State of North Carolina. Plaintiff maintains and conducts business from an office in Wilmington, New Hanover County, North Carolina from which it conducts relevant business activities on an ongoing basis in the Eastern District of North Carolina.
15. Defendant is a limited liability company organized under the laws of the State of Delaware and maintains a place of business in Raleigh, Wake County, North Carolina.

## Jurisdiction and Venue

16. Defendant is subject to personal jurisdiction in the Eastern District of North Carolina because at all material times regularly conducted substantial business activity in the Eastern District of North Carolina through its ownership, management and control of their office in Raleigh, North Carolina. Further, that Defendant regularly sells and distributes its products throughout North Carolina, including the Wilmington, North Carolina.
17. Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act) and 17 U.S.C. § 101 et seq. (Copyright Act) . The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks and copyrights), and 28 U.S.C. § 2201 (Declaratory Judgment Act).
18. Venue is proper in this district under 28 U.S.C. §§ 1391(b) in that a substantial part of the events or omissions giving rise to the Plaintiff's claims have occurred in the Eastern District of North Carolina in that a substantial portion of the activities of which Defendant has taken objection have occurred in the Eastern District of North Carolina.
19. An actual case or controversy has arisen between the parties. Defendant has repeatedly asserted ownership of the letters, images and words used in the Marks at Issue copyrights and trademarks registered by Plaintiff and has asserted that Plaintiff's use of certain images and words infringes trademark rights and copyright owned by Defendant.

**Facts**

20. Plaintiff, TSR LLC received an assignment of the applications to register a number of trademarks with the United States Patent and Trademark Office (USPTO) in class 16 for role playing game equipment in the nature of game book manuals and class 28 for dice; dice games; equipment sold as a unit for playing role playing games; equipment sold as a unit for playing parlour games; role playing games; tabletop hobby battle games in the nature of battle, war and skirmish games, fantasy games, and playing equipment sold as a unit therewith (the "First Five Trademark Applications") filed in August of 2020, specifically,
    a. Plaintiff filed U.S. Trademark Application Serial Number 90124788 to register an image of a lizard on or about August 19, 2020 (the "Lizard Image").
    b. Plaintiff filed U.S. Trademark Application Serial Number 90124287 to register stylized lettering spelling the letters "TSR" on or about August 19, 2020 (the "TSR Angled Logo").
    c. Plaintiff filed U.S. Trademark Application Serial Number 90124839 to register an image of a man with a beard with the letters "TSR" and the phrase "THE GAME WIZARDS" on or about August 19, 2020 (the "Game Wizards Logo").
    d. Plaintiff filed U.S. Trademark Application Serial Number 90148334 to register an image of a wizard on or about August 31, 2020 (the "Wizard Image").
    e. Plaintiff filed U.S. Trademark Application Serial Number 90148524 to register an image of a dragon with the letters TSR on or about August 31, 2020 (the "Dragon Emblem").
21. Plaintiff, TSR LLC, applied to register the following trademarks with the United States Patent and Trademark Office in class 16 for role playing game equipment in the nature of game book manuals and class 28 for dice; dice games; equipment sold as a unit for playing role playing games; equipment sold as a unit for playing parlour games; role playing games; tabletop hobby battle games in the nature of battle, war and skirmish games, fantasy games, and playing equipment sold as a unit therewith in October of 2020, specifically
    a. Plaintiff filed U.S. Trademark Application Serial Number 90276510 to register the name "BLACKMOOR" on or about October 25, 2020 (the "Blackmoor Mark").
    b. Plaintiff filed U.S. Trademark Application Serial Number 90276506 to register the name "STAR FRONTIERS" on or about October 25, 2020 (the "Star Frontiers Mark").

22. On or about June 30, 2021, Defendant through their counsel contacted Plaintiff on behalf of Defendant advising Defendant claims exclusive trademark rights and copyrights in the Marks at Issue listed in the applications below for which Plaintiff had applied for registration. A copy of that email message is attached as Exhibit A. Further, the communication from Carin Reynolds on June 30, 2021 stated that the Marks at Issue had been in continuous use by Defendant since they were acquired from their original owner TSR, Inc. in 1997 and provided links to two websites allegedly offering for sale products bearing each of the Marks at Issue being sold with Defendant's permission. The correspondence from Defendant further requested that Plaintiff abandon the applications listed below and to stop making any use of any words or images to which Defendant claims ownership:
    a. U.S. Trademark Application Serial Number 90124788 (the "Lizard Image").
    b. U.S. Trademark Application Serial Number 90124287 (the "TSR Angled Logo").
    c. U.S. Trademark Application Serial Number 90124839 (the "Game Wizards Logo").
    d. U.S. Trademark Application Serial Number 90148334 (the "Wizard Image").
    e. U.S. Trademark Application Serial Number 90148524 (the "Dragon Emblem").
    f. U.S. Trademark Application Serial Number 90276510 (the "Blackmoor Mark").
    g. U.S. Trademark Application Serial Number 90276506 (the "Star Frontiers Mark").
23. Plaintiff, TSR LLC, also filed U.S. Trademark Application Serial Number 90884176 on or about August 16, 2021 to register the letters "TSR" with the United States Patent and Trademark Office in class 16 for role playing game equipment in the nature of game book manuals and class 28 for dice; dice games; equipment sold as a unit for playing role playing games; equipment sold as a unit for playing parlour games and RPG games; role playing games; tabletop hobby battle games in the nature of battle, war and skirmish games, fantasy games, and playing equipment sold as a unit therewith (the "TSR Word Mark").
24. Plaintiff, TSR LLC, also filed U.S. Trademark Application Serial Number 90893809 on or about August 20, 2021 to register the letters "STAR FRONTIERS" with the United States Patent and Trademark Office in class 28 for Card games; Playing card game accessories, namely, playing card cases, playing card holders, mats for use in connection with playing card games, playing card shuffling devices and dice; Playing cards and card games; Trading card games (the "Second Star Frontiers Mark").

25. Plaintiff has made repeated requests to Defendant, through their attorney, for information that supports their contention that the Marks at Issue have been in continuous use since 1997, including information relating to sales taking place through entities they claim are authorized licensees, and information to support Defendant's contention they own the copyrights to the images used in the Game Wizards Logo and the Lizard Image.
26. Despite these repeated requests, Defendant has provided no evidence to support Defendant's contention that the marks have been in continuous use by Defendant since 1997.
27. To date, no information has been provided by Defendant regarding the licensing agreements they allege they have with two distributors of their products or the Defendant's own use of the Marks at Issue.
28. Upon information and belief, Defendant intentionally abandoned any trademark rights they have in the Marks at Issue in that:
   a. Upon information and belief, Defendant either stopped selling products bearing any of the Marks at Issue in or around 1997 or never produced products bearing the Marks at Issue at all.
   b. Defendant did not maintain any trademark registrations for the Marks at Issue, specifically,
      i. The registration for the Game Wizards Logo owned by TSR, Inc. (U.S. Trademark Registration Number 1241135) was deemed abandoned by the USPTO on November 20, 1989 prior to the Defendant's acquisition of TSR, Inc.
      ii. The registration for the TSR Angled Logo owned by TSR Hobbies, Inc. (U.S. Trademark Registration Number 1240273) was deemed abandoned by the USPTO on October 23, 1989 prior to the Defendant's acquisition of TSR, Inc.
      iii. The registration for the Dragon Emblem owned by TSR, Inc. (U.S. Trademark Registration Number 1980554) was deemed abandoned by USPTO on March 22, 2003 after the Defendant's acquisition of TSR, Inc.
      iv. The registration for Star Frontiers owned by TSR, Inc. (U.S. Trademark Registration Number 1245487) was deemed abandoned by the USPTO on April 17, 2004 after the Defendant's acquisition of TSR, Inc.
      v. Upon information and belief, neither Defendant, TSR, Inc. nor TSR Hobbies, Inc. ever applied to register the Wizard Image as a trademark.

    c. On March 5, 2013, the USPTO issued a U.S. Trademark Registration number 4298789 to Hexagonist Publishing for the letters "TSR" in class 41 for publishing of paper and electronic books, namely, game manuals, rule books, magazines and newsletters related to games and gaming. Further that Defendant did not oppose the issuance of this application.

    d. Upon information and belief, Defendant abandoned the Marks at Issue prior to entering into licensing agreements with third parties and as a result, Defendant licensed marks to those licensees that they did not own.

29. Upon information and belief, any use the Defendant has made of the Marks at Issue in recent years has been use merely to reserve the right to use the Marks at Issue, specifically,

    a. Upon information and belief, in or around 2017, an entity called Evil Hat attempted to produce products bearing the STAR FRONTIERS name and a dispute developed with Defendant. Further that, upon information and belief, Defendant started selling or authorizing a third party to sell reprints of old game materials bearing the name STAR FRONTEIRS in response to Evil Hat's actions in an attempt to reserve rights in the STAR FRONTIERS name.

30. Upon information and belief, the Defendant never used the Lizard image as a trademark at any time and as a result, has never developed any trademark rights in that image.

31. Upon information and belief, the Defendant never owned any copyright in the Lizard Image, specifically,

    a. Upon information and belief, Greg Bell was the artist that drew the Lizard Image and he was never an employee of TSR, Inc. or Defendant and never signed a work for hire agreement or a copyright assignment or license transferring any rights to TSR, Inc. or Defendant.

    b. Upon information and belief, the Defendant did not secure the copyright to the Lizard Image at any time prior to the filing of this lawsuit.

32. Upon information and belief, the Defendant never owned any copyright to the Game Wizards Logo as that image was drawn by Darelene Jean Pekul at a time when she was not an employee of TSR, Inc. or Defendant and never signed a work for hire agreement or a copyright assignment or license transferring any rights to TSR, Inc. or Defendant.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Ownership of Trademarks, 15 U.S.C. § 1501 et seq.)

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32, inclusive.

34. Defendant has repeatedly claimed ownership of the trademark rights regarding the letters, words and images contained in the Marks at Issue and has accused Plaintiff of infringing the trademark rights specifically by using the letters, words and images contained in the following trademark applications and registrations:

    a. The "Lizard Image" (depicted in U.S. Trademark Application Serial Number 90124788; also U.S. Registration Number 6457620).

    b. The "TSR Angled Logo" (depicted in U.S. Trademark Application Serial Number 90124287; also U.S. Registration Number 6457615).

    c. The "Game Wizards Logo" (depicted in U.S. Trademark Application Serial Number 90124839 and also U.S. Registration Number 6472675).

    d. The "Wizard Image" (depicted in U.S. Trademark Application Serial Number 90148334 and also U.S. Registration Number 6457654).

    e. The "Dragon Emblem" (depicted in U.S. Trademark Application Serial Number 90148524).

    f. The "Blackmoor Mark" (depicted in U.S. Trademark Application Serial Number 90276510).

    g. The "Star Frontiers Mark" (depicted in U.S. Trademark Application Serial Number 90276506).

    h. The "TSR Word Mark" (depicted in U.S. Trademark Application Serial Number 90884176).

    i. The "Second Star Frontiers Mark" (depicted in U.S. Trademark Application Serial Number 90893809).

35. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant regarding the ownership of the Marks at Issue.

36. Plaintiff seeks declaratory judgment from this Court that the Marks at Issue are not owned by Defendant.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Ownership of Copyright, 17 U.S.C. § 501 et seq.)

37. Plaintiff incorporates by reference the allegations in paragraphs 1 through 36, inclusive.

38. Defendant has repeatedly claimed ownership of the copyright of the images used in the Marks at Issue and has accused Plaintiff of infringing the copyrights in the images in the Marks at Issue, specifically,
    a. The "Lizard Image" (depicted in U.S. Trademark Application Serial Number 90124788; also U.S. Registration Number 6457620).
    b. The "TSR Angled Logo" (depicted in U.S. Trademark Application Serial Number 90124287; also U.S. Registration Number 6457615).
    c. The "Game Wizards Logo" (depicted in U.S. Trademark Application Serial Number 90124839 and also U.S. Registration Number 6472675).
    d. The "Wizard Image" (depicted in U.S. Trademark Application Serial Number 90148334 and also U.S. Registration Number 6457654).
    e. The "Dragon Emblem" (depicted in U.S. Trademark Application Serial Number 90148524).
39. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant regarding the ownership of the copyright to the images incorporated into the Marks at Issue.
40. Plaintiff seeks declaratory judgment from this Court that Defendant does not own the copyright to any of the images incorporated into the Marks at Issue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Judgment be entered according to the declaratory relief sought;
2. The Court award Plaintiff its costs in this action;
3. For trial by jury on all issues so triable; and
4. For further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

This the 7th day of December, 2021.

           **THE HUMPHRIES LAW FIRM, PC**
           *Attorneys for the Plaintiff*

By: /Justin K. Humphries/
Justin K. Humphries
N.C. Bar No. 36833
1904 Eastwood Rd. Ste 310A
Wilmington, NC 28403
Telephone: 910-332-0721
Facsimile: 888-290-7817
Email: justin@humphriesfirm.law