

**Russell Nugent <russell@kinglawonline.com>**

## Wizards of the Coast LLC's TSR Trademarks and Copyrights
1 message

**Carin Reynolds** <creynolds@reynoldslaw.legal>                                       Wed, Jun 30, 2021 at 2:12 PM
To: contact@kinglawonline.com, russell@humphriesfirm.law

    **By Email**
    contact@kinglawonline.com
    russell@humphriesfirm.law

    Russell D. Nugent, Esq.
    The Humphries Law Firm P.C.
    1904 Eastwood Rd, Suite 310A
    Wilmington, NC 28403

    Re:    Wizards of the Coast LLC's TSR Trademarks and Copyrights

    Dear Mr. Nugent:

    We are counsel for Wizards of the Coast LLC ("Wizards"), owner of the DUNGEONS & DRAGONS® roleplaying game and successor-in-interest to TSR, Inc., which it acquired in 1997. We write concerning your client Justin Lanasa and TSR, LLC's unlawful use of and applications to register seven TSR logos and word marks (collectively, the "TSR Marks"), specifically:

        (1)  TSR THE GAME WIZARD (word and design – TSR Wizard in the Moon Logo) – Application Ser. No. 90124839
        (2)  Design Mark (Lizardman Logo) - Application Ser. No. 90124788
        (3)  TSR (word and design - TSR Angled Logo) - Application Ser. No. 90124287
        (4)  TSR (word and design – TSR Dragon Logo) - Application Ser. No. 90148524
        (5)  Design Mark (Game Wizard Logo) - Application Ser. No. 90148334
        (6)  BLACKMOOR – Application Ser. No. 90276510
        (7)  STAR FRONTIERS – Application Ser. No. 90276506

    The history of TSR, Inc.'s use of TSR Marks 1 – 5 above is laid out on your client's website at https://tsrmuseum.com/history-1.

    As noted above, Wizards acquired the DUNGEONS & DRAGONS property in connection with its purchase of TSR, Inc. in 1997. The acquisition included not only DUNGEONS & DRAGONS, but all of TSR's intellectual property, including the TSR trademarks, logos and copyrights related to the TSR Marks, as well as the goodwill associated with those marks. Wizards has maintained continuous use of the TSR Marks through its ongoing sale of older editions of the DUNGEONS & DRAGONS publications branded with these marks, currently through its licensee DriveThru RPG (see, e.g. https://www.drivethrurpg.com/browse.php?keywords=&filters=45323_0_0_0&x=0&y=0&author=&artist=&pfrom=&pto=) as well as through the DM's Guild (see e.g., https://www.dmsguild.com/).

    The TSR company, TSR Marks, and related copyrighted materials remain inextricably linked in the minds of consumers and gamers with DUNGEONS & DRAGONS and Wizards of the Coast. Wizards has maintained its trademark rights to the TSR Marks, as well as the copyright in the designs incorporated into the TSR Marks.

    It therefore came as a surprise to Wizards' that your client applied to register the TSR Marks and was making such announcements as the one on its Facebook page approximately six days ago (https://www.facebook.com/TacticalStudiesRules) that "our next internal project "Star Frontiers", a reboot of the original, is currently in preproduction and has Larry Elmore attached. Stay tuned for more details!" The image of the publication associated with that post is of Wizards' STAR FRONTIERS "Alpha Dawn" adventure, which Wizards' continues to sell on DriveThruRPG at Star Frontiers: Alpha Dawn - Wizards of the Coast | Star Frontiers | DriveThruRPG.com.

    Your client's Facebook post:

Case 7:21-cv-00210-D   Document 1-1   Filed 12/07/21   Page 1 of 4



**https://www.facebook.com/TacticalStudiesRules**

Wizards' current sale of its copyrighted publication:



**https://www.drivethrurpg.com/product/226710/Star-Frontiers-Alpha-Dawn**

In addition to the USPTO applications to register the TSR Marks and the blatant reproduction and sale of Wizards' copyrighted publication, your client appears to be deliberately creating confusion in the marketplace regarding the TSR Marks and property and attempting to trade off the fame and goodwill associated with TSR and DUNGEONS & DRAGONS – all of which rightfully belongs to Wizards through its acquisition of TSR and continuing use of the TSR Marks. For example, your client's Dungeon Hobby Shop Museum website is confusingly located at the domain "tsrmuseum.com" and their recently launched TSR website (https://tsr.games/) includes even more misleading claims regarding the ownership of the TSR Marks.

Case 7:21-cv-00210-D    Document 1-1    Filed 12/07/21    Page 2 of 4



Moreover, your client's use, registration, and attempted licensing (see https://www.tenkarstavern.com/2020/10/dungeon-hobby-shop-museum-claims.html) of the TSR Marks willfully and intentionally infringes Wizards' trademark rights by knowingly trading off the fame and goodwill associated with these marks.



Your client is creating a likelihood of confusion with respect to Wizards' authorization, sponsorship of, or association with their commercial activities, as well as creating a false suggestion of a connection, in violation of 15 U.S.C. §§ 1125. In addition, your client's reproduction of the copyrighted logos in the TSR Marks infringes Wizards' copyrights in violation of 17 U.S.C. §501 and their actions also constitute unfair competition and deceptive trade practices violating state and federal statutes.

To be clear, Wizards cherishes the history of TSR and DUNGEONS & DRAGONS and celebrates the contributions of Gary Gygax, Dave Arneson and all those who helped create the world's greatest roleplaying game. But your clients are playing a dangerous game and are knowingly and willfully attempting to infringe and misappropriate our client's valuable intellectual property. As the rightful and legal owner of D&D, the TSR Marks, any and all copyrighted materials related thereto and the legacy that is inextricably linked to Wizards through its acquisition of TSR, my client will take action as necessary to protect its property.

Therefore, your client must:

(1) Immediately terminate all infringing or unauthorized use of the mark together with all similar trademarks,

Case 7:21-cv-00210-D   Document 1-1   Filed 12/07/21   Page 3 of 4

including an acknowledgement that all items constituting infringement or use of the mark have been removed from your client's products, brochures, marketing material, websites, social media channels, advertising, or similar notices and/or publications.

(2) Expressly abandon the applications and/or registrations for the TSR Marks in the United States Patent and Trademark Office; and

(3) Provide a declaration or affidavit, signed under penalty of perjury, stating that your client will immediately, and for all time, cease using the TSR Marks and Wizards' copyrighted works in any advertisement, promotions, sale or other commercial exploitation of its goods or services.

If we do not receive written confirmation from you by July 9, 2021 that your client will comply with our reasonable requests, Wizards will assume you intend to continue to willfully disregard its rights and it will pursue whatever action or remedies it deems appropriate to protect its rights.

This letter does not purport to be a complete statement of the facts or the law and is without prejudice to Wizards' legal and equitable rights and remedies, all of which are expressly reserved.

Sincerely yours,



**Carin G. Reynolds**



*Trademarks & Copyright, Licensing*
P.O. Box 466, Lebanon, NH 03766
(T) 802.281.3131 (E) creynolds@reynoldslaw.legal (W) www.reynoldslaw.legal



*Confidentiality Notice: This e-mail and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message and destroy all copies of this message and any attachments.*

Case 7:21-cv-00210-D   Document 1-1   Filed 12/07/21   Page 4 of 4